1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| PRODUCE PAY, INC., | Case No.:  3:20-CV-00517-MMA-MDD |
| Plaintiff, | **ORDER DENYING THE VEG-FRESH DEFENDANTS' MOTIONS TO DISMISS AND STRIKE** |
| v. | [Doc. Nos. 12, 13] |
| FVF DISTRIBUTORS INC., VEG-FRESH FARMS, LLC, MARK C. WIDDER, ROBERT L. WHITNEY, JR., LAWRENCE D. CANCELLIERI, JR., RANDY J. CANCELLIERI, ADAM T. CANCELLIERI, and F. DAVID AVILA, individually, | |
| Defendants. | |

12
13
14
15
16
17
18
19
20

On March 19, 2020, Plaintiff Produce Pay, Inc. ("Plaintiff" or "Produce Pay") filed

21

a Complaint against Defendants FVF Distributors Inc. ("FVF"), Veg-Fresh Farms, LLC

22

("Veg-Fresh"), Mark C. Widder ("Widder"), Robert L. Whitney ("Whitney"), Lawrence

23

D. Cancellieri, Jr. ("D. Cancellieri"), Randy J. Cancellieri ("J. Cancellieri"), Adam T.

24

Cancellieri ("T. Cancellieri"), and David F. Avila ("Avila") (collectively,

25

"Defendants").[1]  Produce Pay brings claims for violations of the Perishable Agricultural

26
27
28

---

[1] FVF and Avila are collectively referred to as the "FVF Defendants," while Veg-Fresh, Widder, Whitney, D. Cancellieri, J. Cancellieri, and T. Cancellieri are collectively referred to as the "Veg-Fresh

Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a-499t (2016) ("PACA"), and for breach of contract and conversion.  *See* Doc. No. 1 ("Compl.").  The Veg-Fresh Defendants move to dismiss the Complaint, insofar as it asserts claims against the Veg-Fresh Defendants, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(f).  *See* Doc. Nos. 12, 13.  Produce Pay filed oppositions to the motions, to which the Veg-Fresh Defendants replied.  *See* Doc. Nos. 19 ("MTD Opp."), 20 ("MTS Opp."), 21 ("MTD Reply"), 22 ("MTS Reply").  The Court found the matters suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  *See* Doc. No. 25.  For the reasons set forth below, the Court **DENIES** the Veg-Fresh Defendants' motion to dismiss and **DENIES** the Veg-Fresh Defendants' motion to strike.

## BACKGROUND[2]

Produce Pay is a Delaware corporation in the business of buying at a discount produce-related accounts receivable that are subject to PACA.  FVF is a California corporation in the business of trading fresh fruit and vegetable commodities subject to PACA ("Produce").  Avila is an officer or employee of FVF.  Veg-Fresh is a California corporation in the business of buying and selling Produce.  Widder, Whitney, L. Cancelleria, R. Cancellieri, and A. Cancellieri allegedly serve in different positions for and are principals of Veg-Fresh.

The dispute between the parties pertains to a June 5, 2018 factoring[3] agreement, later amended on June 26, 2019 ("Factoring Agreement"), between Produce Pay and

---

Defendants."  The Veg-Fresh Defendants also note that Whitney was erroneously sued as Robert L. Whitney, Jr., rather than his correct name, Robert J. Whitney.  *See* Doc. No. 12 at 1.

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint.  *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[3] "Factoring" is "[t]he buying of accounts receivable at a discount. The price is discounted because the factor (who buys them) assumes the risk of delay in collection and loss on the accounts receivable." *Black's Law Dictionary* 612 (7th ed. 1999).

FVF.  Pursuant to the Factoring Agreement, FVF sold, conveyed, voluntarily transferred, and assigned all or the entirety of its right, title, and interest in and to its Produce-related accounts receivables, including any and all PACA trust rights appurtenant thereto, to Produce Pay.  Between June 5, 2019 and July 8, 2019, FVF and Veg-Fresh entered in a series of eight Produce transactions.  Such transactions were memorialized by invoices.  Subsequent to Veg-Fresh's acceptance of the Produce from FVF, FVF assigned all rights, title, and interest in the accounts receivables to Produce Pay as memorialized in bills of sale.

On June 25, 2019, Produce Pay and FVF notified Veg-Fresh of FVF's assignment of its Produce-related accounts receivables to Produce Pay and directed Veg-Fresh to make all payments for the Produce-related accounts receivables payable to Produce Pay.  Though its chief financial officer, Whitney, Veg-Fresh agreed to the Notice of Assignment and payment directions by signing and returning a copy of the same to Produce Pay.  FVF, through its president, Michael Almanza, also agreed to the notice of assignment by signing and returning a copy of the same to Produce Pay.  FVF delivered or otherwise caused certain Produce to be delivered to Veg-Fresh, which received and accepted all of the Produce.  Veg-Fresh did not pay Produce Pay for the Produce reflected in the invoices, which have a "current aggregate invoice value of not less than $93,741.60."  Compl. at 9.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend

1    itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

2         In reviewing a motion to dismiss under Rule 12(b)(6), courts must accept as true

3    all material allegations in the complaint, as well as reasonable inferences to be drawn

4    from them, and must construe the complaint in the light most favorable to the plaintiff.

5    *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City*

6    *of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)).  The court need not take legal

7    conclusions as true merely because they are cast in the form of factual allegations.

8    *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory

9    allegations of law and unwarranted inferences are not sufficient to defeat a motion to

10   dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

11        Additionally, Federal Rule of Civil Procedure 12(f) empowers the Court to "strike

12   from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

13   scandalous matter." Fed. R. Civ. P. 12(f).  The function of a motion to strike is to avoid

14   the unnecessary expenditures that arise throughout litigation by dispensing of any

15   spurious issues prior to trial.  *Chong v. State Farm Mut. Auto. Ins. Co.*, 428 F. Supp. 2d

16   1136, 1139 (S.D. Cal. 2006); *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th.

17   Cir. 1983).  For purposes of this rule, "[i]mmaterial matter is that which has no essential

18   or important relationship to the claim for relief or the defenses being pleaded." *Fantasy,*

19   *Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotations and citations

20   omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  Impertinent matter consists of

21   statements that do not pertain, and are not necessary, to the issues in question." *Id.*

22   (internal quotations and citations omitted).  "Motions to strike are generally disfavored,

23   unless it is clear that the matter to be stricken could have no possible bearing on the

24   subject matter of the litigation." *Haghayeghi v. Guess?, Inc.*, No. 14-CV-00020, 2015

25   WL 1345302, at *5 (S.D. Cal. Mar. 24, 2015) (internal quotations omitted) (quoting

26   *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)); *Blair*

27   *v. CBE Grp. Inc.*, No. 13-CV-134, 2013 WL 5677026, at *2 (S.D. Cal. Oct. 17, 2013).

28   ///

**DISCUSSION**

The Veg-Fresh Defendants move to strike Produce Pay's allegations of Veg-Fresh's insolvency, certain invoices attached to the Complaint, and references to the invoices. Doc. No. 13-1 ("MTS") at 2. The Veg-Fresh Defendants also move to dismiss the Complaint for failure to state a claim, arguing that Produce Pay is not entitled to protection under PACA and cannot enforce a contract by which it is not bound. Doc. No. 12-1 ("MTD") at 1.

**1. Motion to Strike**

In its motion to strike, the Veg-Fresh Defendants argue that the Court should strike six invoices attached to the Complaint, and references in the Complaint thereto, as "impertinent, scandalous, and prejudicial." MTS at 4-6. The Veg-Fresh Defendants also assert that the Court should strike allegations of Veg-Fresh's insolvency as scandalous and prejudicial. MTS at 7-8. Produce Pay responds that the Veg-Fresh Defendants' arguments are without merit. First, Produce Pay contends that if Veg-Fresh received invoices different from those attached to the Complaint, "it is due to FVF's failure to honor its obligations under the Factoring Agreement." MTS Opp. at 3-4. Second, Produce Pay argues that allegations of Veg-Fresh's insolvency should not be stricken because they are "centrally materially to the claims asserted" against the Veg-Fresh Defendants under PACA. MTS Opp. at 6.

a. Invoices

The Court is not persuaded that the Veg-Fresh Defendants have provided sufficient grounds to strike the six invoices or references thereto in the Complaint. Exhibits attached to a complaint are effectively part of the allegations of the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Stacey v. Peoria Cty., Ill.*, No. 13-CV-1051, 2013 WL 3279997, at *8 (C.D. Ill. June 27, 2013) (photograph exhibits were "effectively part of the allegations of the Complaint"). On a motion to dismiss, the Court is to accept as true all well-pleaded allegations of material fact and construe them in the light most favorable

to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008). While the Veg-Fresh Defendants question the authenticity of the six invoices, Produce Pay explains that FVF should have sent the six invoices to the Veg-Fresh Defendants because Veg-Fresh should have paid Produce Pay for the Produce-related transactions, not FVF. *See* MTS Opp. at 4-5. The Veg-Fresh Defendants primarily respond that Produce Pay's arguments ignore that the six invoices attached to the Complaint pre-date FVF's assignment of rights to Produce Pay. *See* Doc. No. 22 ("MTS Reply") at 3-4. Therefore, according to the Veg-Fresh Defendants, the six "invoices are falsified, inauthentic, and were never received." *Id.* at 5.

The Court cannot conclude that it is clear the six invoices attached to the Complaint could have no possible bearing on the subject matter of this litigation. *See Haghayeghi*, 2015 WL 1345302, at *5. At this stage of the litigation, the Court must accept Produce Pay's allegations, including the invoices attached to the Complaint, as true absent a showing that the invoices are inauthentic. The parties' arguments show that the authenticity of the six invoices will be an issue in this litigation. The Court, however, need not decide the issue of authenticity on a motion to strike. The Veg-Fresh Defendants may admit or deny the authenticity or accuracy of the six invoices, and should the parties seek to use their respective invoices as evidence later in the litigation, they will have to establish the authenticity of the documents pursuant to Federal Rule of Evidence 901.

   b. Insolvency

Similarly, the Court cannot conclude that Produce Pay's allegations of Veg-Fresh's insolvency could have no possible bearing in this litigation. *See Haghayeghi*, 2015 WL 1345302, at *5. As Produce Pay recognizes, courts may look not only to a corporate trustee that received perishable agricultural commodities subject to a PACA trust, but also an officer who causes a corporate trustee to commit a breach of trust. *See* MTS Opp. at 6 (citing *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706 (E.D. Pa. 1994)). The issue of Veg-Fresh's ability to pay its debts is therefore relevant in this

1   litigation.  Produce Pay is also correct that knowledge of Veg-Fresh's solvency is
2   peculiarly within the knowledge of the Veg-Fresh Defendants.  *See* MTS Opp. at 7.
3   While the Court agrees with the Veg-Fresh Defendants that Produce Pay's allegation that
4   Veg-Fresh mistakenly paid FVF is in tension with the allegations of insolvency, the Court
5   is not persuaded that the threat of harm to Veg-Fresh's reputation warrants striking the
6   allegation.  As with the invoice-related allegations, the Veg-Fresh Defendants can deny
7   or otherwise respond appropriately to the allegations of insolvency and demonstrate in
8   this litigation that such allegations have no basis in fact.  But at this stage, it cannot be
9   said that the allegations of insolvency "could have no possible bearing on the subject
10  matter of the litigation."  *Haghayeghi*, 2015 WL 1345302, at *5.

11  **2. Motion to Dismiss**

12      The Veg-Fresh Defendants move to dismiss the claims asserted against them by
13  Produce Pay primarily on two bases: (1) Produce Pay does not have standing to seek
14  redress for its PACA claims because it is not a produce seller or supplier, *see* Doc. No.
15  12-1 ("MTD") at 6-7; and (2) Produce Pay cannot seek redress for its PACA claims
16  because it is undisputed that Veg-Fresh mistakenly paid, but nevertheless satisfied its
17  repayment obligation to, FVF.  *Id.* at 7-14.  Produce Pay responds that the Veg-Fresh
18  Defendants' arguments are without merit because FVF can and did assign its PACA
19  rights to Produce Pay; Veg-Fresh acknowledged the assignment and instruction to send
20  payments to Produce Pay; and Veg-Fresh did not pay Produce Pay as instructed.  *See*
21  MTD Opp. at 2-3.  The Court addresses the parties' arguments in turn.

22      a.  Alienability of PACA Rights

23      First, Produce Pay and the Veg-Fresh Defendants seem to disagree on whether the
24  trust rights created by PACA are alienable.  Produce Pay argues that "[i]t is well
25  established that PACA trust rights are freely assignable."  MTD Opp. at 5 (citations
26  omitted).  The Veg-Fresh Defendants express doubt, pointing out Produce Pay only cites
27  non-binding authority in support of the proposition, and instead frame the issue as
28  "whether a factor assignee can enforce PACA trust rights when the original supplier of

1    produce has been fully paid."  MTD Reply at 2-3.

2          The Court agrees with the non-binding authority cited by Produce Pay finding that

3    trust rights created by PACA are alienable, including by assignment.  "Interests in PACA

4    trusts, like interests in contracts, are assignable."  *Mastronardi Int'l Ltd. v. SunSelect*

5    *Produce (California), Inc.*, No. 18-CV-00737, 2019 WL 3996608, at *3 (E.D. Cal. Aug.

6    23, 2019) (citing *All. Shippers, Inc. v. Guarracino*, 575 B.R. 298, 310 (Bankr. D.N.J.

7    2017) ("*In re Guarracino*")).  As the court in *In re Guarracino* recognized, "general trust

8    law principles govern PACA unless 'they conflict with the language of [the statute], the

9    clear intent of Congress in enacting the statute, or the accompanying regulations.'"  *Id.* at

10   309 (quoting *Pacific Int'l Mktg., Inc. v. A & B Produce, Inc.*, 462 F.3d 279, 283-85 (3d

11   Cir. 2006)).  Here, the Veg-Fresh Defendants, like the defendant in *In re Guarracino*,

12   "fail[] to point to any provision in PACA or the applicable regulations that prohibit

13   assignment of a producer's interest in a PACA trust."  *Id.*  Nor does the free assignability

14   of a PACA trust interest "conflict with congressional intent in enacting the statute," and

15   the Court does not see a conflict with the accompanying regulations.  *Id.*  "[T]he

16   overarching goal of PACA . . . is to protect the financial well-being of produce suppliers,

17   who are vulnerable to the practices of financially irresponsible buyers."  *Id.* (citations

18   omitted); *see also* MTD at 5 (recognizing this purpose of PACA).  This goal supports the

19   ability of produce suppliers to assign their PACA beneficiary interests because an

20   assignment allows them to transfer the risk of delayed payment or non-payment to a

21   factor like Produce Pay.  Further support can be found in the Restatement (Third) of

22   Trusts, which provides that beneficiary rights are alienable.  *See* Restatement (Third) of

23   Trusts § 51 (2003) ("[A] beneficiary of a trust can transfer his or her beneficial interest

24   during life to the same extent as a similar legal interest.").

25         In sum, the Court concludes that FVF was allowed to assign its interest in the

26   PACA trust to Produce Pay.  Thus, the Veg-Fresh Defendants' contention that Produce

27   Pay lacks standing because "[o]nly produce suppliers or sellers are entitled to protection

28   under [PACA]," MTD at 1, is misplaced.  The Veg-Fresh Defendants do not argue that

the assignment from FVF to Produce Pay was ineffective; rather, they contend that Produce Pay does not have the right to payment from Veg-Fresh because Veg-Fresh's obligation was satisfied upon its payment to FVF. *See* MTD Reply at 2-3. Thus, the Court next addresses the effect of the assignment and notice of the same provided to Veg-Fresh.

### b. Effect of Assignment and Notice Thereof

The Veg-Fresh Defendants argue that the Complaint is deficient because by its allegations, Produce Pay admits that Veg-Fresh paid FVF and therefore satisfied its obligations. *See* MTD Reply at 3. Produce Pay argues that Veg-Fresh's payments to FVF did not satisfy its debt. *See* MTD Opp. at 8-9. For the reasons discussed below, the Court agrees with Produce Pay that the allegations plausibly show that Veg-Fresh did not satisfy its debt by mistakenly paying FVF.

Under the Factoring Agreement, FVF and Produce Pay agreed that Delaware law will govern the Factoring Agreement in all respects. *See* Doc. No. 1-2, Ex. E at 8. Article nine of Delaware's version of the Uniform Commercial Code ("UCC") applies here because the Factoring Agreement concerns "a sale of accounts . . .." 6 Del. C. § 9-322(a)(3). The UCC provides in pertinent part:

> Subject to subsections (b) through (i), an account debtor on an account . . . may discharge its obligation by paying the assignor ***until, but not after***, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. ***After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor***.

*Id*. at § 9-406(a). Neither Produce Pay nor the Veg-Fresh Defendants raise issues discussed in subsections (b) through (i). Subsection (i) provides that the "section does not apply to . . . an interest in a trust . . ., arising under a governing instrument (as defined in Section 3301(e) of Title 12), Title 12, or other applicable law, to the extent that Delaware law governs such interest . . .." The trust here arises under "other applicable

law," that being PACA; however, Delaware law does not speak to the issue presented here: the obligations of a trustee upon the beneficiary's assignment of its beneficiary interest to a third party.  *See generally* 12 Del. C. cs. 35, 38 (chapters governing Delaware trusts and treatment of Delaware statutory trusts).  Therefore, the Court finds that section 9-406(a) of the UCC governs here.

Turning to the Complaint's allegations, the Court finds that under section 9-406(a) of the UCC, Produce Pay plausibly shows that Veg-Fresh did not discharge its obligation. Produce Pay alleges that FVF assigned all of its rights to the "Unpaid Invoices" to Produce Pay, after which they provided Veg-Fresh with notice of the assignment on June 25, 2019 and instructed Veg-Fresh to send payments to Produce Pay pursuant to the assignment.  Compl. ¶¶ 16-19.  Produce Pay further alleges that FVF and Veg-Fresh, through their executives, agreed to and acknowledged the assignment on June 25 and 26, 2020, respectively.  Compl. ¶¶ 20-21, Ex. H at 2.  Finally, Produce Pay alleges that Veg-Fresh wholly failed to pay Veg-Fresh as instructed and "mistakenly paid the proceeds of the Unpaid Invoices" to FVF.  Compl. ¶¶ 24, 147.  These allegations plausibly raise the inference that even after receiving notice of the assignment, Veg-Fresh paid the assignor, FVF, not the assignee, Produce Pay, inconsistent with section 9-406(a) of the UCC. Therefore, for the foregoing reasons, the Court finds unpersuasive Veg-Fresh's argument that it satisfied its debt by mistakenly paying FVF.

c. Viability of Produce Pay's Claims

Having addressed both sides' primary arguments, the Court now turns to the viability of Produce Pay's claims against Veg-Fresh and its principals.

PACA protects sellers of perishable agricultural goods by requiring a merchant, dealer, or retailer of perishable produce to hold in trust proceeds from the sale of the perishable produce, and food derived from that produce, for the benefit of all unpaid suppliers.  7 U.S.C. § 499e(c)(2); *Royal Foods Co. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1104-05 (9th Cir. 2001).  Under PACA, "a produce dealer holds produce-related assets as a fiduciary" in the statutory trust "until full payment is made to the produce seller."  *In re*

*San Joaquin Food Serv., Inc.*, 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *Id.*; *see also* 7 U.S.C. § 499e(c)(2).

There are five elements to a PACA cause of action: (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on its invoices. *Tom Ver LLC v. Organic All., Inc*, No. 13-CV-03506, 2015 WL 6957483, at *8 (N.D. Cal. Nov. 11, 2015) (citing *Beachside Produce, LLC v. Flemming Enters., LLC*, No. 06-04957, 2007 WL 1655554, at *2 (N.D. Cal. June 6, 2007)); 7 U.S.C. § 499e(c)(3), (4); 7 C.F.R. § 46.46(c), (f).

### i. *Counts I, II, and III*

The Veg-Fresh Defendants argue that Count I, II, and III should be dismissed because Produce Pay's allegations regarding Veg-Fresh's failure to preserve sufficient funds is "demonstrably untrue." MTD at 7; *see also id*. at 8-9. In their reply, the Veg-Fresh Defendants assert that Produce Pay has failed to plausibly allege an element necessary to bring a PACA claim—"that the seller has not received full payment on the transaction." MTD Reply at 4. Produce Pay responds that it has sufficiently pled all the elements of a PACA claim. *See* MTD Opp. at 10-14.

The Court finds that Produce Pay has sufficiently alleged PACA claims for enforcement of a PACA trust, failure to maintain trust assets, and failure to promptly pay. As mentioned above, the only element in dispute is whether "the seller has not received full payment on the transaction." The Veg-Fresh Defendants essentially argue that these claims fail, since Produce Pay concedes that Veg-Fresh paid FVF. However, by virtue of the assignment, Produce Pay stands in the shoes of the produce supplier, FVF. Thus, because the allegations plausibly demonstrate that Veg-Fresh failed to pay Produce Pay

as instructed in the notice of assignment, Produce Pay has sufficiently stated claims for enforcement of a PACA trust, failure to maintain trust assets, and failure to promptly pay. *See Tom Ver LLC*, 2015 WL 6957483, at *9 (plaintiff sufficiently stated the same claims based on allegations plausibly showing, *inter alia*, that defendants failed to maintain the trust and pay plaintiff promptly).

The Veg-Fresh Defendants also argue that footnote four of the "bills of sale for FVF's accounts receivable . . . preclude Plaintiff from asserting trust rights against others." MTD at 7. Produce Pay responds that the "true interpretation . . . is that such Bill of Sale did not create any new trust relationship, and has no bearing on the PACA trust rights being assigned." MTD Opp. at 13, n. 2. The Court agrees with Produce Pay. Footnote four in the bill of sale provides that "[t]his Bill of Sale constitutes Pro[duce] []Pay's purchase and [FVF]'s sale of all or the entirety of [FVF]'s Right to receive full payment promptly upon the Accounts or Receivables listed in Exhibit A and does not *create* either a trust relationship or a fiduciary relationship between [FVF] and Pro[duce] []Pay or between Pro[duce] []Pay and any third party. *See* Restatement (Third) of Trusts § 5(i)-(j) (2003)." Compl., Ex. G at 50 of 67 (emphasis added). The express language and the footnote's citation to the Restatement (Third) of Trusts support Produce Pay's interpretation. The footnote's use of the word "create" suggests that no new trust relationship was created between Produce Pay and FVF or Veg-Fresh; rather, it suggests that transaction is a *transfer* of FVF's PACA rights to Produce Pay. Further, the cited Restatement (Third) of Trusts section provides examples of relationships that are not trusts, including "contracts to convey or certain contracts for the benefit of third parties," and "assignments or partial assignments of choses in action . . .." Restatement (Third) of Trusts § 5(i)-(j). Accordingly, the Court **DENIES** the Veg-Fresh Defendants' motion to dismiss Counts I, II, and III.

ii.   *Count IV – Breach of Express or Implied Duties*

The Veg-Fresh Defendants further argue that Produce Pay's claim for breach of express or implied duty is deficient. The basis for their argument is that their duty to

"make full payment promptly" is limited to the seller, FVF, and that they owed no duty to Produce Pay to "exercise reasonable care and diligence in disposing of produce promptly and in [a] fair and reasonable manner."  MTD at 9 (quoting Compl. ¶ 75).  It is a violation of 7 U.S.C. § 499(b)(4) for a dealer "to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with" a PACA transaction.  The Veg-Fresh Defendants' first argument fails for the reasons discussed above, namely, that Produce Pay stands in the place of FVF as the assignee of all of its rights to accounts receivable, including its PACA trust rights.

The Veg-Fresh Defendants appear to be correct that the second alleged duty refers to one applicable to a commission merchant under 7 C.F.R. § 46.29.  PACA defines a commission merchant as "any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." 7 U.S.C. § 499a(b)(5).  As the Veg-Fresh Defendants point out, Produce Pay alleges that the transactions between FVF and Veg-Fresh is "a purchase and sale," which would indicate that Veg-Fresh is a dealer,[4] not a commission merchant.  In its opposition, Produce Pay primarily argues that Veg-Fresh is a dealer as alleged in the Complaint.  MTD Opp. at 11.  While Produce Pay makes a passing reference to Veg-Fresh being a commission merchant, *see id.*, it ignores that it failed to allege facts in support of the assertion.  Therefore, Produce Pay cannot assert its claim for a breach of express or implied duty based on this second alleged duty, but it may assert such a claim based on Veg-Fresh's duty to "make full payment promptly" under 7 U.S.C. § 499(b)(4).  That stated, the Court **DENIES** the Veg-Fresh Defendants' motion to dismiss Count IV.

///

///

---

[4] PACA defines a dealer as "any person involved in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce."  7 U.S.C. § 499a(b)(6).

1

       iii.  *Counts V and VII – Breach of Good Faith and Fair Dealing and*

2

             *Interference with Receipt of Trust Assets under PACA*

3

      Next, the Veg-Fresh Defendants argue that Produce Pay's PACA claims for breach

4

of good faith and fair dealing and interference with receipt of trust assets are deficient as

5

shown by Produce Pay's admission that Veg-Fresh mistakenly paid FVF.  *See* MTD at

6

10-11.[5]  Produce Pay argues that it has sufficiently pleaded all elements of its PACA

7

claims, including Count V.  *See* MTD Opp. at 14.

8

      Produce Pay has plausibly alleged a breach of good faith and fair dealing and

9

interference with receipt of trust assets under PACA.  *See Sun Hong Foods, Inc. v.*

10

*Outstanding Foods, Inc.*, No. 19-10121, 2020 WL 2527048, at *4 (C.D. Cal. Mar. 26,

11

2020) ("*Sun Hong Foods*") (finding plaintiff plausibly stated such claims under PACA

12

where it alleged defendant failed to preserve sufficient trust amounts inconsistent with

13

PACA).  The Court is not persuaded that the claims are deficient merely because Produce

14

Pay alleges that Veg-Fresh mistakenly paid FVF.  The Veg-Fresh Defendants appear to

15

argue erroneously that the PACA trust assets are limited to the amount it provided to

16

FVF.  *See* MTD at 12 ("Veg-Fresh did not retain or utilize any PACA trust assets, as

17

Veg-Fresh has paid FVF.").  But PACA requires a dealer in Veg-Fresh's position "to

18

hold in trust proceeds from the sale of the perishable produce, and food derived from that

19

produce, for the benefit of all unpaid suppliers."  *Tom Ver LLC*, 2015 WL 6957483, at *8

20

(citing 7 U.S.C. § 499e(c)(2); *Royal Foods*, 252 F.3d at 1104-05).  Thus, the Veg-Fresh

21

Defendants' position is contrary to the express language of PACA.  Further, in *Sun Hong*

22

*Foods*, the plaintiff alleged the defendant, inconsistent with its PACA obligations, issued

23

payments to entities other than plaintiff during a time when its debt to plaintiff went

24

unpaid and also failed to preserve sufficient trust amounts.  *Id.*  Here, Produce Pay

25

26

_____

27

[5] The Veg-Fresh Defendants also argue that Produce Pay lacks "standing to claim interference [with] receipt of trust assets" because Produce Pay is a factor, not a supplier.  *Id.* at 11.  However, as discussed

28

above, the argument is unpersuasive given FVF's assignment of all its PACA rights to Produce Pay.

likewise alleges that Veg-Fresh, inconsistent with its PACA obligations, paid FVF and failed to preserve sufficient trust amounts to satisfy its debt to Produce Pay. *See* Compl. ¶¶ 35-43, 147. Reading these allegations in the light most favorable to Produce Pay, as the Court must do at this stage, Produce Pay has sufficiently alleged that the Veg-Fresh Defendants diverted trust assets prejudicing their ability to pay Produce Pay. Accordingly, the Court **DENIES** the Veg-Fresh Defendants' motion to dismiss Counts V and VII.

### iv.   *Count VI – Breach of Contract*

The Veg-Fresh Defendants next argue that Produce Pay's breach of contract claim is deficient because it does not have standing to sue based on contracts between Veg-Fresh and FVF. *See* MTD at 10-11. Produce Pay counters that it sufficiently stated a breach of contract claim because "FVF properly assigned all of its right, title, and interest in and to the Unpaid Invoices . . .." MTD Opp. at 8.

The Court finds Produce Pay has sufficiently stated a claim for breach of contract. The Veg-Fresh Defendants do not dispute that a valid contract exists between Veg-Fresh and FVF; rather, it contends that Produce Pay lacks standing since it was not a party to the contracts between FVF and Veg-Fresh. However, the Veg-Fresh Defendants ignore that FVF assigned its contract and trust rights to Produce Pay. As Produce Pay recognizes, as assignee, it obtained FVF's "right to sue" for breach of contract, with FVF, as assignor, thereafter lacking the right to sue Veg-Fresh for breach of contract arising out of the invoices at issue. *See* MTD Opp. at 7-8 (citing *Searles Valley Minerals Operations Inc. v. Ralph M. Parson Service Co.*, 191 Cal. App. 4th 1394, 1402-03 (4th Dist. 2011); *Johnson v. Cty. of Fresno*, 111 Cal. App. 4th 1087, 1096 (2003)); *accord Christiana Care Health Servs., Inc. v. PMSLIC Ins. Co.*, No. 14-1420, 2015 WL 6675537, at *5 (D. Del. Nov. 2, 2015) (plaintiff had standing to sue for breach of contract because it, as an assignee of a counterparty's contract rights, "stands in the shoes of the assignor"). Accordingly, the Court **DENIES** the Veg-Fresh Defendants' motion to dismiss Count VI.

1

                      v.   *Count VIII – Breach of Fiduciary Duty*

2        Finally, the Veg-Fresh principals argue that Produce Pay's breach of fiduciary duty

3 claim is deficient for four reasons.  First, Produce Pay lacks standing to assert the claim

4 because it is a factor, not a supplier.  *See* MTD Opp. at 12-13.  Second, Produce Pay's

5 allegation that the Veg-Fresh principals are in possession of PACA trust assets is

6 purportedly untrue since Produce Pay also alleges that Veg-Fresh paid FVF.  *See id.* at

7 13.  Third, Produce Pay's allegations of the Veg-Fresh principals' actual or constructive

8 knowledge of an inability to pay are "invalidated by Plaintiff's own claim that Veg-Fresh

9 made payment to FVF."  *Id.*  Fourth, Produce Pay's allegation that the Veg-Fresh

10 principals allowed payment to be made to entities other than its produce suppliers is

11 untrue given the allegation that Veg-Fresh did pay its produce supplier, FVF.  *Id.*

12        "[I]ndividual shareholders, officers, or directors of a corporation who are in a

13 position to control PACA trust assets, and who breach their fiduciary duty to preserve

14 those assets, may be held personally liable under the Act."  *Sunkist Growers, Inc. v.*

15 *Fisher*, 104 F.3d 280, 283 (9th Cir. 1997).  "PACA liability attaches first to the licensed

16 seller of perishable agricultural commodities. If the seller's assets are insufficient to

17 satisfy the liability, others may be found secondarily liable if they had some role in

18 causing the corporate trustee to commit the breach of trust."  *Sunkist Growers, Inc.*, 104

19 F.3d at 283 (quoting *Shepard v. K.B. Fruit & Vegetable, Inc.*, 868 F. Supp. 703, 706

20 (E.D. Pa. 1994)).  In determining secondary liability, courts consider (1) "whether an

21 individual holds a position that suggests a possible fiduciary duty to preserve the PACA

22 trust assets (e.g., officer, director, and/or controlling shareholder)," and (2) "whether that

23 individual's involvement with the corporation establishes that she was actually able to

24 control the PACA trust assets at issue."  *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*,

25 623 F.3d 163, 172 (3d Cir. 2010).  "A court considering the liability of the individual

26 may look at 'the closely-held nature of the corporation, the individual's active

27 management role' and any evidence of the individual's acting for the corporation."

28 *Sunkist Growers, Inc.*, 104 F.3d at 283.

The Court finds that Produce Pay has adequately stated a claim for breach of fiduciary duty by the Veg-Fresh principals. The Court has already rejected essentially the same arguments advanced by the Veg-Fresh principals. First, Produce Pay, as an assignee of FVF's PACA trust and contract rights, stands in the shoes of FVF. Second, Veg-Fresh's payment to FVF does not rid it or the principals of possessing PACA trust assets. As discussed above, this position is contrary to the express language of PACA, which provides that a dealer like Veg-Fresh holds in trust "[p]erishable agricultural commodities received by a . . . dealer . . . in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products" for the benefit of the "unpaid suppliers, sellers, or agents." 7 U.S.C. § 499e(c)(2). Produce Pay has plausibly alleged that it stands in the shoes of FVF, Veg-Fresh's supplier, and that it has not been paid as Veg-Fresh was instructed in the notice of assignment. *See* Compl. ¶¶ 13-24.

The Veg-Fresh Defendants' final two arguments are also deficient. Under the case law discussed above, the Veg-Fresh principals' knowledge is not dispositive. Rather, the focus is on the principals' position at the trustee company, and whether the principals' roles demonstrate that they were able to control the PACA trust assets. *See Bear Mountain Orchards, Inc.*, 623 F.3d at 172. Here, Produce Pay's allegations plausibly demonstrate that they held executive positions at Veg-Fresh and/or were principals listed on Veg-Fresh's PACA license. *See* Compl. ¶¶ 3(c)-(g). Further, Produce Pay alleges that these individuals "exercise[d] dominion and control over Veg-Fresh at all times relevant to this action and otherwise participated in the tortious conduct or other wrongs set forth" in the Complaint. *Id*. Most importantly, Produce Pay alleges that "the Veg-Fresh Principals controlled and managed Veg-Fresh's operations and had control over Veg-Fresh's financial dealings, including those involving the PACA Trust Assets." Compl. ¶ 105; *see also id.* ¶¶ 106-11 (providing additional allegations that the Veg-Fresh principals were in positions to control the disposition of the PACA trust assets). The Veg-Fresh principals do not assert that these allegations are insufficient to demonstrate

plausibly the required showing of control over PACA trust assets.  Rather, their argument that Veg-Fresh paid FVF, not Produce Pay, supports Produce Pay's allegations that the principals allowed Veg-Fresh to dispose of PACA trust assets in a manner inconsistent with their PACA obligations.  Discovery may paint a different picture, but at this stage, the allegations are sufficient to state a plausible PACA claim for breach of fiduciary duty against the Veg-Fresh principals.  Accordingly, the Court **DENIES** the Veg-Fresh Defendants' motion to dismiss Count VIII.

<u>CONCLUSION</u>

Based on the foregoing, the Court **DENIES** the Veg-Fresh Defendants' motion to dismiss for failure to state a claim and **DENIES** their motion to strike.

**IT IS SO ORDERED.**

Dated:  June 24, 2020

HON. MICHAEL M. ANELLO
United States District Judge