UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODUCE PAY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FVF DISTRIBUTORS, INC., et al.,<br><br>Defendants. | Case No.: 3:20-cv-517-MMA-RBM<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>**[Doc. 48]** |

## I. INTRODUCTION

On February 23, 2021, Plaintiff Produce Pay, Inc. ("Plaintiff") filed a motion to enforce settlement agreement ("Motion") against Defendants FVF Distributors, Inc. ("FVF") and F. David Avila ("Avila") (collectively "Defendants" or "FVF Defendants"). (Doc. 48.) Defendants filed a response to the motion on March 12, 2021, and Plaintiff filed a reply on March 26, 2021. (Docs. 52, 53.)

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c). For the reasons that follow, the undersigned respectfully recommends that Plaintiff's Motion be **GRANTED** without an evidentiary hearing. It is further recommended that the Court **AWARD** attorney fees in the amount of $2,250.00, enter final judgment, and close the case.

1

## II. BACKGROUND

This case arises under the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§ 499a-499t (2016) ("PACA") and includes claims for breach of contract (Count IX as against FVF), interference with receipt of trust assets subject to PACA (Count X as against FVF), conversion (Count XI as against FVF), and breach of malfeasance agreement (Count XII as against Avila). (*See generally* Doc. 1.) Produce Pay is a Delaware corporation in the business of buying at a discount produce-related accounts receivable that are subject to PACA. (*Id.* at ¶¶ 1-2.) FVF is a California corporation in the business of trading fresh fruit and vegetable commodities subject to PACA. (*Id.* at ¶ 3(a).) Avila is an officer or employee of FVF. (*Id.* at ¶ 3(j).) Several individuals and another entity were named as Defendants but the Court dismissed these parties pursuant to a joint motion. (Docs. 32, 33.)

    a.    *Early Neutral Evaluation Conference*

On August 26, 2020, Plaintiff and the FVF Defendants participated in an early neutral evaluation ("ENE") conference, however, the case did not initially settle. (Doc. 37.) Instead, the parties stipulated to produce initial disclosures on or before September 25, 2020, to conduct an internal accounting for settlement purposes. (*Id.*) The undersigned scheduled a second ENE session to convene on October 14, 2020. (*Id.*)

At the second session of the ENE on October 14, 2020, the case settled. (Doc. 43.) The parties executed a Settlement Memorandum of Understanding ("MOU"), the terms of which were placed on the record. (Doc. 43; *see also*, Decl. Philip H. Franklin, Doc. 48-2 at 2, ¶¶ 8-9 & Ex. A at 9.) The FVF Defendants do not contest that Avila executed the MOU in his individual capacity and as an authorized representative of FVF. (*See generally* Doc. 52; *see* Doc. 48-2 at 10.)

/ / /

/ / /

/ / /

/ / /

    b.    *Settlement Terms*

Pursuant to the terms of the MOU, Defendants agreed to pay Plaintiff $40,000.00 in installments until July 13, 2021. (Doc. 48-2 at 9, sec. 1.) The first installment of $5,000.00 was due on November 10, 2020, the second installment of $5,000.00 was due on December 15, 2020, with consecutive weekly payments of $1,000.00 commencing on December 22, 2020 and continuing each Tuesday until July 13, 2021. (*Id.*) The MOU further provided for FVF's admission of liability for Counts IX, X, and XI and Avila's admission of liability for Count XII. (*Id.* at secs. 8-9.) Additionally, the MOU required Plaintiff to prepare the long-form settlement agreement, "but in the absence of an executed long-form agreement, th[e] [MOU] controls and is enforceable." (*Id.* at sec. 7.) Both parties acknowledged and agreed that the MOU "was made before the Court and is binding and judicially enforceable[,]" and the FVF Defendants' response to the underlying Motion does not contest this issue. (*See* Doc. 48-2 at 10; *see also* Doc. 52.)

Approximately one week after execution of the MOU, counsel for the FVF Defendants emailed Plaintiff's counsel a fully executed long-form settlement agreement with an October 15, 2020 signature date ("Settlement Agreement"). (Doc. 48-2 at 2-3, ¶¶ 10-12 & Ex. B at 15-18.) The Settlement Agreement incorporates the essential terms of the MOU and provides for the recovery of reasonable attorney fees and costs by the prevailing party to the extent litigation arises between the parties regarding the enforcement or interpretation of the agreement. (Doc. 48-2 at 18.) The FVF Defendants do not contest that Avila executed the Settlement Agreement in his individual capacity and as an authorized representative of FVF. (*See* Doc. 52.)

    c.    *Settlement Disposition Conferences*

A settlement disposition conference ("SDC") convened on October 30, 2020, with all parties appearing. (Doc. 45.) The undersigned set a second SDC to convene on November 6, 2020. (*Id.*) At the November 6, 2020 SDC, all parties appeared with counsel. (Doc. 46.) The Court's contemporaneous minute order states "the settlement reached on October 14, 2020 fell through." (*Id.*) The minute order further advised that it would take

any motion for sanctions under submission to the extent a written motion is filed. (*Id.*) On February 23, 2020, Plaintiff filed the instant Motion.

### III.   LEGAL STANDARD

A federal district court has inherent power to enforce a settlement agreement in an action pending before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) (citation omitted). To enforce an agreement, two requirements must be met. First, the agreement must be complete. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994). Second, the parties must have agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *See Philips v. Pilgrim Creek Estates Homeowners Ass'n*, No. 19-cv-102-AJB-WVG, 2020 WL 5757965, at *3 (S.D. Cal. Sept. 28, 2020) (citing *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977)).

California has a strong public policy to encourage voluntary settlement of litigation. *Osumi v. Sutton*, 151 Cal.App.4th 1355, 1360 (2007) (internal citations omitted). California Code of Civil Procedure section 664.6 provides:

> [i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of settlement. If required by the parties, the court may retrain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.

For purposes of interpreting settlement agreements, local law applies even if the underlying cause of action is federal. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (internal citations and quotations omitted); *see also Adams v. Johns-Manville Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (stating "[a] settlement agreement is treated as any other contract for purposes of interpretation."). In California, a contract must be interpreted "as to give effect to the mutual intention of the parties as it existed at the time of contracting . . ." *Roden v. Bergen Brunswig Corp.*, 107 Cal.App.4th 620, 625 (2003); *see* Cal. Civ. Code § 1636. Where the contract is in writing,

4

"the intention . . . is to be ascertained from the writing alone, if possible." *Roden*, 107 Cal.App.4th at 625 (quoting *Brinton v. Bankers Pension Servs., Inc.*, 76 Cal.App.4th 550, 559 (1999)); *see* Cal. Civ. Code § 1639. In addition, the contract language will govern its interpretation "if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638. On the other hand, if the contract's meaning is uncertain, the general rules of interpretation will be applied. Cal. Civ. Code § 1637; *but see Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 8820476, at *4 (N.D. Cal. June 25, 2008) (settlement agreement is unenforceable if a material term is not reasonably certain, but "courts will not set aside contracts for mere subjective interpretation.") (quoting *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1421 (1996)).

## IV. DISCUSSION

### a. Agreement Subject to Enforcement

Produce Pay seeks enforcement of the Settlement Agreement against the FVF Defendants pursuant to California Code of Civil Procedure section 664.6, including a liquidated judgment in the amount of $40,000.00. (Doc. 48 at 6.) The FVF Defendants' response raises no objection as to the existence and execution of the Settlement Agreement. (*See generally* Doc. 52.) Instead, they generally dispute the applicability of PACA, and cite to a produce transaction not at issue in this case.[1] (*Id.* at 1-2.)

/ / /

/ / /

---

[1] The FVF Defendants argue, "Plaintiff has submitted no proof they handled in any way any 'perishable commodity' . . . Further, Defendants believe that any potatoes for canning were not any part of any transaction that is subject to this case." (Doc. 52 at 2.) Produce Pay's reply clarifies that FVF's receipt of money in exchange for invoices related to produce transactions involved watermelons and cantaloupes, not potatoes. (Doc. 53 at 2.) Given that the reply brief challenges the FVF Defendants' misstatement of the facts and the FVF Defendants did not file a notice of errata and/or supplemental brief to clarify its position, it appears any misstatement of facts is immaterial and will be disregarded. *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (only disputes over facts that might affect the outcome of litigation should be considered in resolution of the issues).

1    While the FVF Defendants dispute the applicability of PACA, the undersigned finds the terms of the Settlement Agreement clearly and unambiguously address the issue. *See* Cal. Civ. Code § 1638. The Settlement Agreement states as follows:

### RECITALS

WHEREAS, FVF admits liability for Counts IX, X and XI of the Complaint in the Civil Action and agrees that Produce Pay retains all remedies under the federal Perishable Agricultural Commodities Act ("PACA") to enforce this Agreement, including *ex parte* remedies upon breach.

WHEREAS, Avila admits to liability for Count XII of the Complaint in the Civil Action.

12.   This Agreement is executed by the parties in the interest of compromising and settling disputed matters . . . . FVF expressly admits liability for Count IX (breach of contract), Count X (interference with receipt of PACA trust assets) and Count XI (conversion of PACA trust assets), and agrees that Plaintiff retains all remedies under the federal Perishable Agricultural Commodities Act ("PACA") to enforce this Settlement due to the admitted liability, including *ex parte* remedies upon any breach of this Agreement. Avila admits liability for Count XII (breach of Malfeasance Agreement).

(Doc. 48-2 at 15, 18.) As expressly provided in the Settlement Agreement, FVF admitted that Plaintiff retains all remedies available under PACA. FVF's mere subjective interpretation as to the applicability of PACA does not warrant setting the contract aside as unenforceable. *See Facebook, Inc.*, 2008 WL 8820476, at *4.

Furthermore, the Settlement Agreement appears complete as to all material terms. It addresses and releases the claims asserted against FVF and Avila individually. (Doc. 48-2 at 15, Recitals 2-4.) It expressly memorializes that all signatories "desire to forever resolve and settle all claims between Produce Pay and the FVF Defendants in said Civil Action, known or unknown." (*Id.* at Recital 8.) It also details the sequence of installment payments to effectuate complete resolution under its terms. (*Id.* at 16, sec. 1.) Considering the Settlement Agreement as a whole, the undersigned finds it complete and binding. *See* Cal. Civ. Code § 1638; *see also Payrolling.com Corp. v. WMBE Payrolling, Inc.*, No. 11-

6

cv-1072-IEG (DHB), 2013 WL 1187019, at *2 (S.D. Cal. March 20, 2013) (enforcing signed settlement agreement as complete and binding under California law) (internal citations omitted).

The undersigned also finds the FVF Defendants failed to allege any basis for denying enforcement. To be sure, the response does not raise any dispute as to the authenticity of Avila's signatures in his individual capacity or as an authorized representative of FVF. (*See* Doc. 52.) Because the Settlement Agreement is complete and each party agreed to its terms, it is subject to enforcement. *See Maynard*, 37 F.3d at 1401; *Philips*, 2020 WL 5757965, at *3.

Finally, there is no dispute that the FVF Defendants failed to perform as promised pursuant to the terms of the Agreement. The FVF Defendants failed to remit any installment payment, and the FVF Defendants do not contend otherwise. (Doc. 48-2 at 4, ¶ 23; *see generally* Doc. 52.) While the FVF Defendants allege settlement discussions are continuing, this attempt to renegotiate the terms of the Settlement Agreement does nothing to help their position. (Doc. 52 at 2-3 (stating FVF "made a settlement offer as late as [March 11, 2021]. Unfortunately plaintiff rejected same with a counter-offer which defendants rejected as they were without sufficient cash assets for a lump-sum payment at this time.".) Absent any showing of mistake, fraud, or another applicable defense, the FVF Defendants' mere change of mind cannot void the Settlement Agreement. *See Bland v. Badger*, No. 19-cv-00702-DAD-EPG (PC), 2020 WL 508874, at *3 (E.D. Cal. Jan. 31, 2020) (stating "[o]nce a party enters into a binding settlement agreement, that party cannot unilaterally decide to back out of the agreement.") (citing *Doi v. Halekulani Corp.*, 276 F.3d 1131 (9th Cir. 2002)).

Based upon all of the foregoing, the undersigned recommends that Produce Pay's Motion be **GRANTED** and the Court enter judgment pursuant to the terms of the Settlement Agreement.

///

///

      b.    *Evidentiary Hearing is Unnecessary*

In deciding whether to enforce an agreement, the necessity of an evidentiary hearing depends on the circumstances. *In re City Equities Anaheim, Ltd.*, 22 F.3d at 958. In instances where material facts concerning the existence or terms of settlement are in dispute, summary enforcement without an evidentiary hearing is inappropriate. *Id.* at 957 (citation omitted). However, when the terms of an agreement are unequivocal, the court is well-suited for summary enforcement upon motion without an evidentiary hearing. *Id.* at 958.

Here, there is no need for an evidentiary hearing. Not only were the terms of settlement memorialized in an MOU and the parties' assent to those terms expressed in open court, but the parties subsequently executed a formal, long-form Settlement Agreement incorporating the terms of the MOU. *See supra* pp. 2-3; (Doc. 48-2 at 15, Recital 7); *see Doi*, 276 F.3d at 1139 ("there was no need for an evidentiary hearing on whether an agreement existed, or what its terms were: the parties dispelled any such questions in open court."). Further, the FVF Defendants do not contest the existence, any material term, or their execution of the Settlement Agreement. (*See generally* Doc. 52.) Considering all of the foregoing, summary enforcement without an evidentiary hearing is appropriate. *In re City Equities Anaheim, Ltd.*, 22 F.3d at 957.

      c.    *Request for Attorney Fees*

Produce Pay seeks an award of $2,250.00 in attorney fees pursuant to the terms of the Settlement Agreement, which were allegedly incurred as a result of filing the instant Motion. (Doc. 48 at 7-8; Doc. 48-2 at 18, sec. 17.) The FVF Defendants contend attorney fees are not recoverable due to Produce Pay's failure to strictly comply with PACA. (Doc. 52 at 2.)

The Settlement Agreement provides:

2.    If the FVF Defendants fail to timely pay any of the installments pursuant to the schedule set forth in Paragraph 1, and pay full Settlement Amount by the close of business on Tuesday, July 13, 2021, Pacific Standard Time, the FVF Defendants have agreed to be jointly and severally liable for the Settlement Amount, and shall

be subject to post-judgment collection measures, and such nonpayment shall be considered a material breach of this Agreement giving rise to a claim for breach of contract. The prevailing party in any action to enforce this Agreement shall be entitled to recover attorney's fees and costs in accordance with Paragraph 17 below.

17. In the event litigation arises between the parties regarding the enforcement or interpretation of this Agreement, the prevailing party in such action shall recover his or her reasonable attorneys' fees and costs.

(Doc. 48-2 at 16, 18.)

Again, the FVF Defendants' contention regarding the applicability of PACA is not the issue. The issue is that the FVF Defendants executed a final, binding Settlement Agreement and do not dispute otherwise. *See supra* pp. 5-7. The clear and unambiguous terms of the Settlement Agreement provides that the prevailing party is entitled to recover reasonable attorney fees. (Doc. 48-2 at 16, 18.)

The trial court has discretion to determine the amount of attorney fees to be awarded. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1729 (1976). The Ninth Circuit has adopted guidelines to consider in determining the reasonableness of attorney fees, which were developed by the Fifth Circuit. *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 715 (5th Cir. 1974)). The guidelines to consider include: (1) the time and labor required; (2) the novelty and difficulty of the issues involved; (3) the requisite skill to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

///

"[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are sufficiently detailed to enable the court to consider all the factors necessary in settling the fees." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993). Documents disclosing the nature of services rendered, the amount of attorney time expended, and the attorney's hourly rate is sufficient. *Id.* While the fee applicant has the burden of producing evidence that their requested fee is consistent with the prevailing market rate, a district court is also justified in relying on its own knowledge of customary rates in determining the reasonableness of a fee. *Ingram v. Oroudijan*, 647 F.3d 925, 928 (9th Cir. 2011) (affirming district court's reliance upon its own knowledge and experience in setting a reasonable hourly rate for an award of fees) (citations omitted); *see also Chaundry v. City of LA*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) (burden is on fee applicant to produce evidence of prevailing market rate).

Produce Pay's Motion is supported by the Declaration of Philip H. Franklin ("Franklin"), counsel of record for Produce Pay. (Doc. 48-2 at 1, ¶ 2.) Franklin alleges he expended seven hours researching and drafting the instant Motion and expected to expend three hours preparing a reply brief. (*Id.* at 4, ¶ 24.) He also alleges the attorney fees incurred in seeking to enforce the Settlement Agreement total $2,250.00, which is Franklin's $225.00 hourly rate multiplied by ten hours. (*Id.*) Franklin's declaration is silent as to whether his hourly rate is consistent with the prevailing market rate.

Based upon the undersigned's knowledge and experience, the $225.00 hourly rate is well within the range of prevailing market rates in the Southern District for work on matters of similar complexity. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205-06 (9th Cir. 2013) (for purposes of determining prevailing market rate, the relevant community is the "forum in which the district court sits."); *see Rutherford v. Evans Hotels, LLC*, No. 18-cv-435-JLS-MSB, 2021 WL 1945729, at *7 (S.D. May 14, 2021) (awarding attorney fees seeking $250 in hourly rates, discounted from regular hourly rates of $450 and $350 in case involving alleged violations of the Americans with Disabilities Act); *see also Kinder v. Woodbolt Distrib., LLC*, No. 18-cv-2713-DMS-AGS, 2021 WL 1226444, at *8 (S.D.

Cal. Apr. 1, 2021) (awarding attorney fees seeking hourly rates ranging between $775 to $345 in case involving allegations of misleading business practices). Furthermore, the undersigned finds the ten hours of time and labor expended by Produce Pay in seeking to enforce the Settlement Agreement is reasonable and appropriate. Thus, the request for $2,250.00 in attorney fees represents a reasonable fee. As such, the undersigned recommends that Produce Pay's Motion for an award of attorney fees be **GRANTED**.

## V.   CONCLUSION

For the reasons given, the undersigned recommends that Plaintiff's Motion be **GRANTED**, the Court **AWARD** attorney fees in the amount of $2,250.00 to Maurice Wutscher LLP, and enter final judgment consistent with the terms of the parties' Settlement Agreement (Doc. 48-2 at 15-18).

This Report and Recommendation is submitted to the United States District Judge assigned to this case, under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Any party may file written objections with the Court and serve a copy on all parties on or before **June 1, 2021**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **June 15, 2021**. The parties are advised that failure to file objections within the specific time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATE: May 18, 2021

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE