1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRODUCE PAY, INC.,<br><br>                          Plaintiff,<br>v.<br><br>FVF DISTRIBUTORS INC., et al.,<br><br>                          Defendants. | Case No.:  20-cv-517-MMA (RBM)<br>**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br>[Doc. No. 55]<br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ORDER ENFORCING SETTLEMENT AGREEMENT**<br>[Doc. No. 48] |

On March 19, 2020, Produce Pay, Inc. ("Plaintiff") initiated this action against FVF Distributors Inc. and F. David Avila (collectively, "Defendants") pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.  See* Doc. No. 1.  In October 2020, the parties participated in an Early Neutral Evaluation conference before United States Magistrate Judge Ruth Bermudez Montenegro wherein the case settled. *See* Doc. No. 43.  Thereafter, the parties executed a settlement agreement (the "Settlement Agreement").  *See* Doc. No. 48-2 at 15–18.[1]  Plaintiff now seeks to enforce

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1   the Settlement Agreement and asks the Court to enter judgment against Defendants

2   consistent with the terms of the Settlement Agreement.  *See* Doc. No. 48.  The matter was

3   referred to Judge Montenegro for preparation of a Report and Recommendation pursuant

4   to Title 28, § 636(b)(1) and Federal Rule of Civil Procedure 72.  Judge Montenegro has

5   issued a thorough and well-reasoned Report recommending that the motion be granted in

6   its entirety.  *See* Doc. No. 55.

7           Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C.

8   § 636(b)(1), the Court must "make a de novo determination of those portions of the report

9   . . . to which objection is made," and "may accept, reject, or modify, in whole or in part,

10   the findings or recommendations made by the magistrate [judge]."  28 U.S.C.

11   § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

12   Objections to the Report and Recommendation were due no later than June 1, 2021.  *See*

13   Doc. No. 55 at 11.  To date, no objections have been filed, and the time for doing so has

14   expired.  *See* Docket.

15           The Court finds that Judge Montenegro has issued an accurate Report and well-

16   reasoned recommendation that the Court enforce the Settlement Agreement and award

17   attorney's fees to Plaintiff's counsel.  Specifically, the Court agrees with Judge

18   Montenegro's analysis and finds that the parties knowingly and voluntarily entered into a

19   valid and binding Settlement Agreement under California law.  *See* Doc. No. 55 at 6.

20   The Court therefore **ADOPTS** the Report and Recommendation to that extent and

21   **GRANTS** Plaintiff's motion to enforce the Settlement Agreement.  Moreover, as Judge

22   Montenegro aptly concluded, the Settlement Agreement provides for attorney's fees

23   incurred in enforcing the Settlement Agreement and thus Plaintiff is entitled to them.  *See*

24   *id.* at 11.  Therefore, the Court also **ADOPTS** that portion of the Report and

25   Recommendation and **AWARDS** attorney's fees in the amount of $2,250 to Maurice

26   Wutscher LLP.

27           The Court, however, declines to enter judgment against Defendants in the total

28   amount of $42,250 at this time.  Plaintiff's request is premature.  The issue of the

Settlement Agreement's validity and enforceability is distinct from Defendants' alleged breach and Plaintiff's entitlement to judgment.  The latter has not been sufficiently briefed.  Further, even assuming Plaintiff demonstrated that Defendants breached the Settlement Agreement, Plaintiff does not explain how such a breach entitles it to immediate judgment for the full amount under either the terms of the Settlement Agreement or California law.  Moreover, it appears that Defendants have until July 13, 2021 to tender full payment.  *See* Doc. No. 48-2 at 16.  And if Defendants do so, the terms set forth in paragraph 7 of the Settlement Agreement seem to indicate that the parties will stipulate to dismissal of the action in lieu of seeking entry of judgment.  *See id.* at 17.

Accordingly, the Court **MODIFIES** the Report and Recommendation and **DENIES** Plaintiff's request for judgment without prejudice.  The Court instead **DIRECTS** the parties to contact Judge Montenegro's chambers, on or before **June 15, 2021**, to schedule a further Settlement Disposition Conference.

**IT IS SO ORDERED.**

Dated:  June 9, 2021

HON. MICHAEL M. ANELLO
United States District Judge