UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODUCE PAY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FVF DISTRIBUTORS INC., et al., <br><br> Defendants. | Case No. 20-cv-517-MMA (RBM) <br><br> **NOTICE AND ORDER DIRECTING SUPPLEMENTAL DECLARATION RE: MOTION TO WITHDRAW AS COUNSEL** <br><br> [Doc. No. 63] |

    On September 16, 2021, John Franklin Lenderman filed a motion to withdraw as counsel of record for the only remaining defendants in this action, FVF Distributors, Inc. and F. David Avila. According to Mr. Lenderman, Mr. Avila—both an individual defendant and FVF Distributors's only controlling officer—passed away on August 26, 2021. *See* Doc. No. 63-1 at ¶¶ 2–3.

    As an initial matter, Mr. Lenderman's declaration fails to establish that proper service of the motion was made upon opposing counsel and his clients pursuant to this District's Local Rules. *See* CivLR 83.3.f.3.a–b (explaining that "[a] motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties" and that the "[f]ailure to . . . file the required declaration of service will result in a denial of the motion"). To the extent Mr. Lenderman believes that he no longer represents a client, *see* Doc. No. 63-1 at 1, he is mistaken. FVF Distributors is still an active corporation according to the

California Secretary of State's website.[1]  Moreover, the time under Federal Rule of Civil Procedure 25 by which Plaintiff may seek to substitute Mr. Avila's successor in interest as an individual defendant has not yet expired.  *See* Fed. R. Civ. P. 25(a).  Accordingly, the Court **DIRECTS** Mr. Lenderman to properly serve opposing counsel and his clients (and any successors or representatives of his clients), and file a declaration demonstrating such service on or before **September 24, 2021**.

Moreover, the Court finds that Mr. Lenderman fails to show good cause to withdraw as counsel of record.  The mere fact that Mr. Avila has passed away is insufficient because the case remains ongoing.  *See generally* Fed. R. Civ. P. 25.  Accordingly, the Court **DIRECTS** Mr. Lenderman to properly serve and file a further declaration showing good cause to withdraw pursuant to the California Rules of Professional Conduct on or before **September 24, 2021**.  The Court directs Mr. Lenderman to California Rule of Professional Conduct 1.16(b) which governs permissible withdrawals in the event that:

> (1) the client insists upon presenting a claim or defense in litigation, or asserting a position or making a demand in a non-litigation matter, that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
> (2) the client either seeks to pursue a criminal or fraudulent course of conduct or has used the lawyer's services to advance a course of conduct that the lawyer reasonably believes was a crime or fraud;
> (3) the client insists that the lawyer pursue a course of conduct that is criminal or fraudulent;
> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

---

[1] The Court takes judicial notice of the California Secretary of State's website pursuant to Federal Rule of Evidence 201.

(6) the client knowingly and freely assents to termination of the representation;
(7) the inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal;
(8) the lawyer's mental or physical condition renders it difficult for the lawyer to carry out the representation effectively;
(9) a continuation of the representation is likely to result in a violation of these rules or the State Bar Act; or
(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 1.16(b).  The Court also reminds Mr. Lenderman that pursuant to subsection (d) of that Rule, he may not terminate representation until he has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of his clients.  *See* Cal. R. Prof. Conduct, Rule 1.16(d).

Finally, the Court **VACATES** the October 13, 2021 hearing as to this matter only. Any response or objection to the motion to withdraw must be filed on or before **October 8, 2021**.  Pursuant to Civil Local Rule 7.1.d.1 and Federal Rule of Civil Procedure 78(b), the Court will take the motion to withdraw as counsel under submission upon completion of the briefing and issue a written ruling in due course.

**IT IS SO ORDERED**.

Dated:  September 17, 2021

HON. MICHAEL M. ANELLO
United States District Judge