**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PRODUCE PAY, INC., <br><br>                          Plaintiff, <br><br>v. <br><br>FVF DISTRIBUTORS INC., et al., <br><br>                         Defendants. | Case No. 20-cv-517-MMA (RBM) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY** <br><br> [Doc. No. 75] |

On March 19, 2020, Produce Pay, Inc. ("Plaintiff") initiated this action against FVF Distributors Inc. and F. David Avila (collectively, "Defendants") pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §§ 499a *et seq.* ("PACA"). Doc. No. 1. Plaintiff now moves to substitute Mr. Avila's surviving spouse—Estella Medellin Barraza—in his place as defendant pursuant to Federal Rule of Civil Procedure 25(a).[1] The motion is unopposed. For the following reasons, the Court **GRANTS** Plaintiff's motion to substitute.

**I. B**ACKGROUND

The parties are familiar with the facts of this case, so the Court does not recite them here. On October 21, 2021, Plaintiff filed a motion to substitute Mr. Avila's

---

[1] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

successor or surviving spouse in his place as a defendant. Doc. No. 71. The Court denied the motion because it was not properly served on Ms. Barraza. Doc. No. 74. In the Order, which the Court incorporates by reference here, the Court directed Plaintiff to either file and properly serve a renewed motion to substitute by January 12, 2021, or the Court would dismiss Mr. Avila from the action. *Id.* Plaintiff timely filed a renewed motion to substitute.

## II. LEGAL STANDARD

Rule 25 governs the substitution of parties. Subsection (a) of the Rule provides, in relevant part:

(a) Death.

> (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

. . .

> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Smith v. Specialized Loan Servicing, LLC*, No. 16cv2519-GPC(BLM), 2017 U.S. Dist. LEXIS 148641, at *5 (S.D. Cal. Sep. 13, 2017) (internal citations omitted). If the court determines that a party has met the requirements of Rule 25, "[t]he substituted party steps into the same position as [the] original party." *Estate of O'Shea v. Am. Solar Sols., Inc.*, No. 14cv894-L-RBB, 2021

U.S. Dist. LEXIS 199171, at *3 (S.D. Cal. Oct. 15, 2021) (quoting *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (internal quotation marks omitted)).

## III. DISCUSSION

As noted above, the Court previously denied Plaintiff's motion because it was procedurally defective. Doc. No. 74. According to Plaintiff, they have since obtained a "skip trace" of Ms. Barraza and located her address. Doc. No. 75-2 ¶¶ 19–20. According to Plaintiff's Certificate of Service, Plaintiff personally served Ms. Barraza with this motion on January 6, 2022, in Chula Vista, California. Doc. No. 76. Accordingly, the Court finds that Plaintiff has satisfied Rule 4 and therefore Rule 23(a)(3).

**A.  Timeliness**

Pursuant to Rule 25(a)(1), a motion to substitute is proper if brought within 90 days after service of a statement noting the death. Fed. R. Civ. P. 25(a)(1). On September 16, 2021, Mr. John F. Lenderman submitted a declaration in support of his motion to withdraw as counsel for Defendants, stating: "I received information that defendant Frank Avila had passed away at El Centro Regional Medical Center on Thursday evening August 26, 2021." Doc. No. 63-1. On September 24, 2021, Mr. Lenderman filed a supplemental declaration indicating that he had "discussed this litigation along with other estate issues with Mr. Avila's recent spouse." Doc. No. 66 at 1. Neither declaration identified Mr. Avila's spouse, decedents, or successors, by name. On October 5, 2021, the Court granted Mr. Lenderman's motion to withdraw as counsel and directed him "to serve a copy of th[e] Order on Mr. Avila's spouse and any other survivors or representatives of his clients." Doc. No. 68 at 2. On October 7, 2021, Mr. Lenderman filed a proof of service of the Order on Ms. Barraza by mail at an address in Yuma, Arizona. Doc. No. 69. Ms. Barraza does not live at the Yuma, Arizona address. Doc. No. 73.

> Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90-day

period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while nonparty successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of summons.

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted).

The Court is dubious that either of Mr. Lenderman's declarations or his motion constitute a sufficient suggestion of death. *See United States v. Molen*, No. 2:10-cv-2591 MCE KJN, 2014 U.S. Dist. LEXIS 69966, at *30–33 (E.D. Cal. May 21, 2014) ("However, in order for the 90 day period to commence, the statement of death must be more than a mere reference to the deceased party's death in a pleading or other filing and must conform to certain presentation requirements.") (citing *E.E.O.C. v. Timeless Investments, Inc.*, 734 F. Supp. 2d 1035, 1056 (E.D. Cal. 2010)); *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (explaining that a party must serve the nonparty successors or representatives of the deceased with a suggestion of death in compliance with the requirements set out in Rule 4 of the Federal Rules of Civil Procedure); *Colon v. Home Depot U.S.A., Inc.*, No. 2:08-cv-02463-MCE-EFB, 2009 U.S. Dist. LEXIS 40914, at *3 (E.D. Cal. May 13, 2009) (explaining that the mere reference to plaintiff's death in a joint status report filed with the court was insufficient to trigger the 90 day period under Rule 25(a)(1)). Moreover, Mr. Lenderman never served these documents on any nonparty successors in accordance with Rule 4.

Accordingly, it appears that the 90-day window has not commenced nonetheless run. And even assuming Mr. Lenderman's October 7, 2021 proof of service, *see* Doc. No. 69, triggered Rule 25's 90-day window, both Plaintiff's initial October 21, 2021 motion and renewed January 3, 2021 motion are timely.

### B. Survival of Claims

"The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Stribling v. Lucero*, No. 2:16-cv-01438-TLN-JDP, 2021 U.S. Dist. LEXIS 26742, at *3 (E.D. Cal. Feb. 10, 2021) (internal citation and quotation marks omitted). "The test for survivorship hinges on whether the statutory provision is primarily penal in nature or remedial in nature." *Id.*; *see also Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004) ("penalties do not survive for the reason that a decedent is beyond punishment . . . [whereas] actions to recompense or compensate a plaintiff for a harm inflicted upon him by a decedent do survive.").

Plaintiff initially brought this action pursuance to PACA. However, at this stage, Plaintiff seeks only to enforce the Settlement Agreement. *See* Doc. No. 75-1 at 9; 75-2 at 7–10. Nonetheless, it is clear that both Plaintiff's PACA claims and the remaining contract dispute are remedial and thus survive death. *See, e.g.*, 7 U.S.C. § 499e; *Beucke v. USDA*, 314 F. App'x 10, 12 (9th Cir. 2008) (noting the "remedial purposes" of PACA); *see also Fugnetti v. Bird B Gone, Inc.*, No. SACV 19-00847-CJC(DFMx), 2020 U.S. Dist. LEXIS 209665, at *6–7 (C.D. Cal. Sep. 17, 2020) ("Claims arising out of contracts generally survive the death of a party.") (citing *Shaw v. Dauphin Graphic Machines, Inc.*, 240 F. App'x 177, 179 (9th Cir. 2007) (unpublished)). Accordingly, the Court finds that the action survives the death of Mr. Avila.

### C. Proper Party

Rule 25(a) provides for the substitution of a decedent's successor or representative. *See* Fed. R. Civ. P. 25(a)(1). While Rule 25 provides the procedure for substitution of a "proper party," "[t]he question of who is a proper party is a substantive issue, for which we must rely upon state law." *Fox v. Cty. of Tulare*, No. 1:11-cv-00520-AWI-SMS, 2014 U.S. Dist. LEXIS 29832, at *15–16 (E.D. Cal. Mar. 5, 2014) (quoting *In re Baycol Products Litig.*, 616 F.3d 778, 787–88 (8th Cir. 2010)). Thus, the Court looks to California law to determine whether Ms. Barraza may be properly substituted.

1       California Code of Civil Procedure § 377.11 provides that a "'decedent's successor
2 in interest' means the beneficiary of the decedent's estate or other successor in interest
3 who succeeds to a cause of action." Cal. Code Civ. P. § 377.11. Pursuant to § 377.40, "a
4 cause of action against a decedent that survives may be asserted against the decedent's
5 personal representative or, to the extent provided by statute, against the decedent's
6 successor in interest." Cal. Code Civ. P. 377.40. Moreover, the California Probate Code
7 provides that a surviving spouse is personally liable for the debts of the deceased spouse.
8 Cal. Prob. Code § 13350.
9       Despite not receiving a declaration or marriage license evidencing that Ms. Barraza
10 was Mr. Avila's wife at the time of his death, it is clear from the record that she is his
11 surviving spouse. Plaintiff offers a disclaimer deed dated October 7, 2020, wherein
12 Ms. Barraza is identified as "wife of Frank D. Avila." Doc. No. 75-2 at 46. Moreover,
13 Mr. Lenderman repeatedly represented that Mr. Avila had a wife at the time of his death.
14 *See* Doc. No. 63-1 at 2 ("Mr. Avila's spouse inquired of my office about small estate or
15 non-probate procedures."); Doc. No. 75-2 at 36 (Mr. Lenderman stating via email "His
16 wife is not communicating with me").
17       Further, notwithstanding Mr. Lenderman's representation that "there is no estate
18 and no probate contemplated," it appears plain that Ms. Barraza is Mr. Avila's
19 representative. *See id.* at 42 ("All [Mr. Avila] has [sic] was a small balance checking
20 with his SS going into it. His wife is handling that."). Importantly, when the Court
21 ordered Mr. Lenderman to serve a copy of the order granting his motion to withdraw as
22 counsel "on Mr. Avila's spouse and any other survivors or representatives of his clients,"
23 Doc. No. 68 at 2, Mr. Lenderman only served Ms. Barraza, Doc. No. 69. Finally,
24 because Ms. Barraza may be personally liable for Mr. Avila's debt, Cal. Prob. Code
25 § 13550, she succeeds to this action wherein Plaintiff seeks to enforce the Settlement
26 Agreement against him, *id.* § 13554. Accordingly, the Court finds that Plaintiff has
27 proffered sufficient evidence that Ms. Barraza is the appropriate representative of
28 Mr. Avila and successor to this action and thus is a proper party for substitution. *See*

*Hilao*, 103. F.3d at 766 (applying Rule 25(a)(1) to the legal representatives of the deceased's estate).

### IV. CONCLUSION

Based upon the foregoing, the Court **GRANTS** Plaintiff's motion to substitute Defendant Avila for Ms. Estella Medellin Barraza. The Court further **DIRECTS** the Clerk of Court to update the docket of this action accordingly and to serve a copy of this Order on Ms. Barraza at 2325 Element Way, Chula Vista, CA 91915.

**IT IS SO ORDERED**.

Dated: February 15, 2022

HON. MICHAEL M. ANELLO
United States District Judge